By the Court.—
This is an appeal taken under the directions of an act of Assembly, prescribing the manner in which such lands shall be taken, and directing the mode of prosecuting the appeals. The Defendant ought not to be charged by virtue of such a bond, unless the provisions of the act have been substantially pursued; nor is it right to make any intendment against sureties, beyond that which they have stipulated to perform. The act of 1777 requires that the apellant shall enter into bond with two sufficient securities for prosecuting the appeal with effect, and for performing the judgment, sentence or decree which the Superior Court shall pass or make therein, in case such appellant shall have the cause decided against him. By the act of 1784, it is provided that when the judgment shall be affirmed in the Superior Court, or the appellant shall discontinue his appeal, then he shall pay to the Plaintiff in the original action, at the rate of six per cent; and this is directed to be inserted in the condition of the bond. This is increased to 12½ per cent, by the act of 1785, which is to be paid where the appeal is not prosecuted, or where the Court affirm, the judgment. From these several *109 acts, which are all that relate to the subject, and which therefore should be taken together, it is apparent that the most effective part of the condition is left out of this bond. So that were the secu-rities able to prove that the appellant had performed the judgment of the Superior Court, it would not save the penalty. Though in ordinary cases the circumstance of the condition of a bond being insensible and repugnant, operates only to avoid the condition, and still leaves the bond single, and binding upon the obligor, yet that principle is not applicable to this cafe. There it is said to be the solly of the obligor to enter into such a bond from which he can never be released, yet here they must have supposed they were entering into a legal bond.